The appealing party has shown good grounds to reconsider the evidence. Upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions of law as those reached by the Deputy Commissioner with minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the undersigned find as facts and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties stipulated that an examination of the record of the prior activities of this case could be made by the Deputy Commissioner (and now the undersigned.) The entire Industrial Commission file has been made a part of the evidentiary record in this case.
******************
Based upon all of the competent, credible, and convincing evidence adduced at the hearing and from the record, the undersigned make the following
FINDINGS OF FACT
1. The parties entered into a Pre-Trial Agreement approved by the Industrial Commission whereby the defendant-employer admitted that plaintiff had sustained an injury to his elbow as a result of the July 8, 1992 injury by accident.
2. Dr. Rand diagnosed the plaintiff as having sustained an ulnar neuropathy to his left elbow and carpal tunnel syndrome to his left wrist as a result of the July 8, 1992 injury by accident. A basic issue in controversy that led the parties to seek resolution of this matter by the Industrial Commission was over whether plaintiff's left wrist injury was caused by the admittedly compensable claim.
3. On August 24, 1994, Deputy Commissioner Richard Ford filed an Opinion and Award that made a finding of fact number 8 that "(o)n July 8, 1992, the plaintiff sustained an injury by accident to his left arm arising out of and in the course of the employment with the defendant-employer while performing the duties of his employment." Based on this finding of fact, Deputy Commissioner Richard Ford made conclusion of law number one whereby he opined that "(o)n July 8, 1992, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer." Deputy Commissioner Ford did not explicitly indicate whether "left arm" meant to include the left elbow and the left wrist or whether it meant only to include the left elbow.
4. Deputy Commissioner Ford made the following finding of fact number 10 whereby he found that "(t)he plaintiff has sustained an 8 percent permanent partial disability of his left arm or left upper extremity as a result of the incident of July 8, 1992, said permanent disability rating of the left arm being made by both orthopedic doctors, Dr. Rand considering both the left elbow and left carpal tunnel syndrome involvement and Dr. Lassiter considering that such a rating was reasonable when only considering the left elbow injury." Based upon this finding of fact, Deputy Commissioner Ford made conclusion of law number 5 whereby he opined that ". . . the medical evidence presented by the defendants in this cause through the depositions of Dr. Talley E. Lassiter, Jr. and Dr. William R. Deans tend to enhance and confirm the medical evidence presented by the plaintiff through the depositions of Dr. Rand and Dr. Michael Kushner and that the incident of July 8, 1992 was not a causal factor in the plaintiff's carpal tunnel syndrome of the left arm determined by Dr. Tom Rand in that he opines that such a rating was reasonable considering the injury to the plaintiff's left elbow alone." The evidentiary record reveals that Dr. Rand opined that plaintiff had a five percent permanent partial disability to his elbow and a three percent permanent partial disability to his wrist. He opined that based on these ratings, plaintiff had an eight percent permanent partial disability to his left arm. While Dr. Lassiter did not agree that plaintiff's left wrist problems were causally related to the July 8, 1992 injury by accident, he opined that a rating of eight percent permanent partial disability for the left arm based upon solely the problems plaintiff was having with his left elbow was reasonable. While Deputy Commissioner Richard Ford awarded permanent partial disability compensation based upon an eight percent permanent partial disability to plaintiff's left arm, he did not indicate whether he was relying on Dr. Rand's opinion or whether he was relying on Dr. Lassiter's opinion in rendering his decision.
5. Defendants filed a Form 44 application for review whereby the defendants identified that it was error to render a decision without limiting an award of medical expenses specifically to plaintiff's elbow. Defendants filed a brief with the Industrial Commission on December 5, 1994 setting forth arguments in support of limiting the Award in this matter to medical expenses for plaintiff's elbow.
6. On June 15, 1995, the Full Commission, in an Opinion and Award rendered by Commissioner Tom Bolch, affirmed Deputy Commissioner Richard Ford's Opinion with modifications. In finding of fact number eight, the Full Commission modified Deputy Commissioner Richard Ford's Opinion by changing "left arm" to "left elbow." In finding of fact number ten, the Full Commission modified Deputy Commissioner Ford's Opinion by indicating that the eight percent permanent partial disability to plaintiff's left arm was "specifically his left elbow". In conclusion of law number one, the Full Commission modified Deputy Commissioner Richard Ford's Opinion by identifying plaintiff's injury as his "left elbow". These modifications were made in direct response and support of the legal position of the defendants that the Award should be limited to plaintiff's left elbow and to not include plaintiff's wrist.
7. Plaintiff had a reoccurrence of his carpal tunnel syndrome in his left wrist requiring surgery on April 19, 1994. Plaintiff was unable to earn any wages for the time period from March 15, 1994 to July 19, 1994. (Plaintiff worked one day during this time period.)
8. The Full Commission, in its Opinion and Award filed June 15, 1995, establishes that plaintiff's carpal tunnel syndrome in his left hand was not caused by the July 8, 1992 injury by accident.
9. Since the Full Commission decided that plaintiff's carpal tunnel syndrome was not compensable, any reoccurrence of that condition was not a direct and natural result of the July 8, 1992 injury by accident.
10. The medical treatment offered by Dr. Rand to the plaintiff for the time period from March 1994 through October 10, 1994 is not causally related to the July 8, 1992 injury by accident.
11. Plaintiff's problems treated by Dr. Rand on or about May 1996 are not a reoccurrence of either the ulnar or median neuropathy for which surgery had been performed previously.
******************
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
CONCLUSION OF LAW
1. A prior Full Commission panel has already decided that the July 8, 1992 injury by accident did not cause the plaintiff to sustain carpal tunnel syndrome in his left hand. A reoccurrence of the carpal tunnel syndrome is thus not causally related to the July 8, 1992 injury by accident.
******************
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
ORDER
1. Plaintiff's claim for medical and disability benefits for carpal tunnel syndrome in his left hand is HEREBY DENIED.
2. Defendants shall pay an expert witness fee in the amount of $325.00 to Dr. Rand.
3. Each side shall pay its own costs.
IT IS FURTHER ORDERED that this case shall be REMOVED from the Full Commission docket.
This the ___ day of ____________________ 1997.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ___________________________ LAURA K. MAVRETIC COMMISSIONER
S/ ___________________________ EDWARD GARNER, JR. DEPUTY COMMISSIONER
JHB/nwm
10/06/97